IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:08-MJ-274-ECS |
| BRIAN LEE FOSTER | : | |

### REPORT AND RECOMMENDATION
### OF THE MAGISTRATE JUDGE

I.
**Factual and Procedural Background**

The above matter is again before the Court on the motion filed on November 3, 2011, by Brian Lee Foster, acting pro se, for return of property allegedly seized from his residence in connection with the execution of a federal arrest warrant on March 13, 2008. [Doc. 16]. The motion is nominally brought under Rule 41(a) of the Federal Rules of Criminal Procedure.[1] He seeks the return of currency in the amount of $4,303, "Ms. Fostrer's" [sic] Taurus Millenium Pro .45 caliber semi-automatic pistol, a Toshiba laptop computer, "Satellite Series, A15-54747 s/n 6755920k," Samsung digital camera s/n 971062386, and five cell phones, "all fairly new models." [Id. at 2]. The motion alleges that Mr. Foster was charged in the federal district court in the Eastern District of North Carolina, found

---

[1] The applicable section of Rule 41 is actually 41(g), "Motion to Return Property."

guilty, and sentenced to serve thirty-four months[2] for conspiracy to possess with intent to distribute and distribution of cocaine. [Id.]. He recites that his conviction was affirmed by the Fourth Circuit Court of Appeals on December 28, 2010. [Id.].

Mr. Foster submits that the property requested to be returned was not used in the government's case to convict him or as part of the government's investigation or prosecution. [Id.]. He contends that the pistol belonged to his wife, and that the laptop, camera, and phones were used by his family and should be returned to them. [Id. at 3-4]. He attached copies of two unsigned letters dated "June 2011" that he says were from him and his mother to the government claiming the property and asking for its return. [Id. at 8-9]. He also attached a copy of the DEA-6 report of his arrest and the consent search of his residence that resulted in the seizure of the property now claimed. [Id. at 10-17]. Mr. Foster argues that he is, at minimum, entitled to an evidentiary hearing if there is a dispute regarding his claims. [Id. at 5]. Ultimately, he seeks an order requiring the government to return his property to him and/or his family.

The Court directed the government to respond to the motion and

---

[2] The government in its response states that Mr. Foster was sentenced to 324 months on January 4, 2010, not thirty-four. See [Doc. 25 at 1].

2

the government responded on December 20, 2013. [Doc. 25]. The government responded that it does not have possession of any of the property as the property has been destroyed and the cash forfeited to the United States. [Id. at 2]. The government attached redacted copies of two Drug Enforcement Administration ("DEA") forms, one of which indicates that certain items including miscellaneous papers, cell phones, camera, laptop computer, and keys were destroyed on or about March 9, 2010. [Id. at 5, 7]. The other redacted DEA form shows that a Taurus Millinium Pro .45 caliber semi-automatic pistol with an estimated value of $135 was transferred by the DEA to the United States Marshal Service on or about December 2, 2009, and destroyed. [Id. at 6, 8].

The government also attached two declarations of forfeiture referencing Mr. Foster, one of which refers to the Taurus Millinium Pro pistol, [id. at 10], and the other refers to $4,303 in United States currency. [Id. at 13]. The declarations of forfeiture both declare that the properties were seized pursuant to 21 U.S.C. § 881, after notice sent "to all known parties who may have a legal or possessory interest in the property" and published in accordance with 19 U.S.C. § 1607. [Id. at 10, 13]. The declarations attest that no claims were filed within thirty days of the last publication of the advertisement. [Id.]. The declarations are signed by Richard A. Medema, Senior Attorney with the Asset Forfeiture Section of the

DEA, on August 15, 2008, and June 13, 2008, respectively. [Id.]. The forfeiture process for the pistol and the cash was apparently initiated shortly after the seizure and well before was convicted in 2010.

Pursuant to the Court's direction in its order of August 8, 2014, [Doc. 26], the government filed a supplemental response to the motion. [Doc. 29]. With its response, the government filed the declaration under oath of Frederick Swoope, Sr., a Special Agent with the DEA, attesting, from the records of the DEA, that the personal items seized as described above — cell phones, camera, and laptop — were destroyed, identifying the DEA documents recording the treatment of these items and confirming from the non-drug evidence custodian ("NDEC") of the DEA Atlanta Field Division that none of the items are any longer in the DEA non-drug exhibit vault. See [Doc. 29-1].

The government also attached the declaration under oath of Vicki L. Rashid, Forfeiture Counsel of the DEA, attesting to the records of the DEA regarding the disposition of the $4,303 cash and the Taurus pistol seized from Mr. Foster's residence as described above. See [Doc. 29-2]. The declaration attests that the $4,303 was administratively forfeited and that written notice of forfeiture was sent pursuant 19 U.S.C. § 1607 (a) and 18 U.S.C. § 983. [Id. ¶ 4(b)]. The declaration attests that, on April 1, 2008, written

4

notice was sent to Mr. Foster by certified mail, return receipt requested, at his residence and business addresses, and to the Robert Dayton Detention Center ("RAD"), where he was initially jailed but released on March 28, 2008. [Id. ¶¶ 4(b)-(d)]. Notice was also sent to Tameka Foster and Brandon Smith, apparently Mr. Foster's wife and son, at the residence address and to a Brittany Cresfield, care of Tameka Foster, at the same address. [Id. ¶¶ 4(e)-(g)]. Signed receipts were returned from all of these notices except for the business address and RAD, the detention facility. [Id. ¶¶ 4(b)-(g)]. Copies of these notices and receipts are attached as exhibits to the declaration. Exhs. 1-12 [Doc. 29-2 at 11-21]; [Doc. 29-3 at 1].

The Rashid declaration also attests that notice of the seizure was published in the Wall Street Journal ("WSJ") once each week for three successive weeks. [Doc. 29-2 ¶ 4(h)]. Copies of WSJ publication advertisements are attached as exhibits to the declaration as well. Exh. 13 [Doc. 29-3 at 2-4]. The declaration also attests that no claims were made and that on June 13, 2008, the $4,303 cash was forfeited under 19 U.S.C. § 1609. [Doc. 29-2 ¶ 4(j)]; Exh. 14 [Doc. 29-3 at 5].

With regard to the Taurus pistol, the Rashid declaration recites that this property was also administratively forfeited. [Doc. 29-2 ¶ 5(a)]. The declaration attests to notice being sent to

5

Mr. Foster, by certified mail, return receipt requested, at his residence, business address and to RAD, the detention center, on April 1, 2008, and to Tameka Foster, Brandon Smith, and Brittany Cresfield, care of Tameka Foster, at the residence address. [Id. ¶¶ 5(b)-(g)]. Again, all were signed-for except for the business address and the RAD facility. [Id.]. The declaration also affirms that notice of seizure was published in the WSJ for three successive weeks in April of 2008. [Id. ¶ 5(h)]; Exh. 13 [Doc. 29-3 at 2-4]. On May 9, 2008, notice was also sent to Antonio Sanchez Fuller at a Decatur address, which was returned undeliverable, and a second notice to Mr. Fuller on June 12 at a different address which was also returned. [Doc. 29-2 ¶¶ 5(j)-(k)]. Copies of the notices, receipts, and publication advertisements related to the Taurus are attached as exhibits to the declaration. See Exhs. 15-29 [Doc. 29-3 at 6-20]. The affidavit attests that on August 15, 2008, after no claims were received, the pistol was forfeited to the United States under 19 U.S.C. § 1609. [Doc. 29-2 ¶ 5(*l*)]; Exh. 30 [Doc. 29-3 at 21].

## II.
## Legal Landscape

Rule 41(g) of the Federal Rules of Criminal Procedure provides as follows:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the

> deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

In this case, Mr. Foster invokes Rule 41(g) after his criminal case has been closed. "When an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). The Court's analysis under Rule 41(g) has been described as a multi-step inquiry:

> A Rule 41(g) movant who asserts a post-conviction claim must first demonstrate that he is entitled to the property. This showing implicates the threshold requirement set out in Howell, that the movant have a possessory interest in the property. See Howell, 425 F.3d at 974. The government may rebut the movant's allegations with evidence that "'it has a legitimate reason to retain the property,'" that it does not possess the property, or that the property has been destroyed. See United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001) (quoting United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999)). Where a material issue of fact arises, the plain language of Rule 41(g) requires the court to "receive evidence . . . to decide the motion." See Fed. R. Crim. P. 41(g).

United States v. Melquiades, 394 F. App'x 578, 580 (11th Cir. 2010) (per curiam).

In this case the government does not contend that Mr. Foster did not have a possessory interest in the property that was seized.

7

Indeed, the report attached to Mr. Foster's motion records that the DEA agents seized property, corresponding with the property sought by Mr. Foster in the motion, from Mr. Foster's residence. The government has instead responded that the property has been destroyed or has been forfeited under legal process to the government. The evidence supporting the government's position is described above.

Where, as here, Defendant's possessory interest in the property is not disputed, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." Potes Ramirez, 260 F.3d at 1314 (quoting Chambers, 192 F.3d at 377. Where the government claims the property has been destroyed, the government must submit at least some evidence of the property's destruction. Id.; see also United States v. Palacios Gonzalez, 372 F. App'x 996, 999 (11th Cir. 2010) (per curiam) (remanding for evidentiary hearing on whether property has been destroyed and, if so, what equitable relief might be appropriate). The Court retains discretion as to how the government may be required to present evidence of the property's destruction. Potes Ramirez, 260 F.3d at 1314.

If the Court determines, after any necessary hearing, based on evidence presented by the government, that Defendant's property has

8

been destroyed, the Court can nevertheless exercise equitable jurisdiction over his Rule 41(g) motion. Id. at 1314-15 (citing United States v. Martinez, 241 F.3d 1329, 1330 (11th Cir. 2001)).[3] If the Court finds that an equitable remedy is appropriate, then the Court has authority to fashion equitable relief. Id. at 1315. Sovereign immunity, however, protects the government from money damages sought under Rule 41(g). Id. at 1315-16.

## III.
## Findings and Conclusions

In this case, the government has submitted evidence sufficient to show that the personal property (the laptop, the cell phones, the camera, and the keys) was destroyed on or about March 9, 2010. See [Doc. 25 at 5, 7]. In that regard, the declaration of Frederick Swoope, Sr., submitted with the government's supplemental response is sufficient for the Court to conclude that the personal property at issue, excluding the $4,303 in cash and the Taurus pistol, was destroyed and is no longer in the possession of the government.[4] [Doc. 29-1 ¶¶ 8, 9].

---

[3] The Court in Potes Ramirez addressed what was then Rule 41(e), but, in 2002, Rule 41(e) was reclassified as Rule 41(g). See Melquiades, 394 F. App'x at 581 n.4.

[4] While there is an inconsistency in the evidence as to how many cell phones were seized, with Mr. Foster contending five and the government records showing either three or five, the evidence is sufficient to conclude that, however many were seized, all were destroyed.

AO 72A
(Rev.8/82)

With regard to the forfeitures of the $4,303 in currency and the Taurus pistol, to the extent that this property was forfeited to the government as part of the criminal proceedings, Mr. Foster would retain no possessory interest or right to the return of such property. See Palacios Gonzalez, 372 F. App'x at 998; United States v. Guerra, 426 F. App'x 694, 697 (11th Cir. 2011) (per curiam) ("[Rule 41(g)] only permits the recovery of property that has been seized as evidence, not property that has been forfeited to the government."). The evidence presented by the government through the Declaration of Vicki Rashid in its supplemental response is likewise sufficient to support the finding that the $4,303 in cash and the Taurus pistol were the subject of forfeiture proceedings by the government under 18 U.S.C. § 981(b), 19 U.S.C. § 1609, and 21 U.S.C. § 881(a) and were forfeited, after notice and publication as required under the applicable statutory authority.

While this Court may exercise equitable jurisdiction over claims for return of property that has been destroyed or forfeited to the government, "[t]he decision to exercise such jurisdiction is highly discretionary and must be exercised with caution and restraint." United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999) (per curiam). Such jurisdiction "is extremely limited and does not lie where the claimant has an adequate remedy at law." United States v. Watkins, 120 F.3d 254, 256 (11th Cir. 1997) (per curiam).

AO 72A
(Rev.8/82)

Here the record shows compliance with the notice and other requirements of the forfeiture law as applied to the $4,303 cash and the Taurus pistol. Mr. Foster was given notice of the forfeitures and advised of his right to make a claim under the forfeiture law. In other words, he was afforded an adequate remedy at law to contest the forfeitures under the forfeiture law. Nothing appearing on this record shows the need for judicial review or intervention in order "to prevent manifest injustice." Eubanks, 169 F.3d at 674.

With regard to the personal property, the evidence shows that this property was destroyed and is no longer in the possession of the government. Nevertheless, if Mr. Foster's claims are not barred by laches, then this Court retains the authority to fashion an equitable remedy under Rule 41(g), even if the property has been lost or destroyed. Potes Ramiriez, 260 F.3d at 1315. An award of money damages, however, is unavailable because sovereign immunity protects the government from money damages sought under Rule 4(g). Id. at 1316.

In this case, the government has not argued that Mr. Foster's motion is barred by laches, and the issue has not been briefed. Nevertheless, the Court notes that Mr. Foster's motion was filed November 3, 2011, more than twenty-one months after his sentencing on January 4, 2010, and more than ten months after he asserts his conviction was affirmed by the Fourth Circuit Court of Appeals, on

AO 72A
(Rev.8/82)

December 28, 2010. See [Doc. 16 at 2]; [Doc. 25 at 1]. The motion was also not filed until some seventeen months after the property was destroyed, and more than three and a half years after the property was seized on March 13, 2008. Given this delay, an argument of laches would appear to carry some weight. But even assuming, for the purposes of argument, that the claim is not barred, no equitable relief is warranted in this case. Neither an injunction nor specific performance - traditional equitable remedies - would be effective to afford Mr. Foster any relief from his loss of the personal items that were destroyed. Simply put, Mr. Foster is not entitled to any relief because the government cannot return the property that has been destroyed; the Taurus pistol and the $4,303 in cash were administratively forfeited by the government, and money damages are not an option, even if there were a basis for liability. See Potes Ramiriz, 260 F.3d at 1316.

### III.
### Recommendation

In conclusion, I **RECOMMEND** that the motion for return of property, [Doc. 16], be **DENIED**.

The Clerk is **DIRECTED** to assign this case under the applicable procedures to a district judge for review and adoption or rejection of this report and recommendation.

**SO REPORTED AND RECOMMENDED**, this 19th day of December, 2014.

*s/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)